IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRITTANY GALLATIN, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 5:19-cv-6167 |
| TEXAS ROADHOUSE MANAGEMENT CORP., TEXAS ROADHOUSE HOLDINGS, LLC, and RYAN JONES, | ) |
|         Defendants. | ) |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Texas Roadhouse Management Corp. and Texas Roadhouse Holdings LLC (collectively the "Corporate Defendants"); and Individual Defendant Ryan Jones hereby remove to the United States District Court for the Western District of Missouri the action styled *Gallatin v. Texas Roadhouse Management Corp., et al.*, Case No. 19BU-CV05095, currently pending in the Circuit Court of Buchanan County, Missouri. Defendants remove this case on the ground of diversity of citizenship between Plaintiff and the Corporate Defendants, the only proper defendants. The citizenship of Jones should be disregarded because he has been fraudulently joined. In support of their Notice of Removal, Defendants state as follows:

## I. THE STATE COURT ACTION.

1. Plaintiff Brittany Gallatin commenced this action on November 18, 2019, in the Circuit Court of Buchanan County, Missouri, by filing her Petition in the case styled *Gallatin v. Texas Roadhouse Management Corp., et al.*, which is designated as Case No. 19BU-CV05095.

2. Plaintiff asserts three counts against the Corporate Defendants under the Missouri Human Rights Act ("MHRA") for sexual harassment/hostile work environment (Count I), constructive discharge (Count II), and retaliation (Count III). Petition, ¶¶ 67-90.

3. Plaintiff also asserts one count against all three Defendants for negligent infliction of emotional distress (Count IV). Petition, ¶¶ 91-95.

## II. TIMELINESS OF REMOVAL.

4. The Summons and Complaint were served on Jones on November 25, 2019.

5. The Summons and Complaint were served on Texas Roadhouse Management Corp. and Texas Roadhouse Holdings LLC on November 27, 2019.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after the first-served Defendant was served with the Summons and Complaint.

7. A copy of all process, pleadings, and orders served on Defendants is attached as Exhibit A, in accordance with 28 U.S.C. § 1446(a).

## III. JURISDICTION.

8. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one that may be removed to this Court under 28 U.S.C. § 1441 and 1446. Complete diversity of citizenship exists between Plaintiff and the Corporate Defendants, the only properly-joined Defendants. Further, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. For the reasons set forth more fully herein, Plaintiff's joinder of Jones, a non-diverse defendant, does not defeat removal.

9. By filing this Notice of Removal, Defendants do not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to, sufficiency of process, service of process, and jurisdiction.

### IV. VENUE.

10. Venue is proper in the United States District Court for the Western District of Missouri (St. Joseph Division) because the territorial jurisdiction of this Court includes the Circuit Court of Buchanan County, Missouri, in which Plaintiff filed her Petition. *See* 28 U.S.C. §§ 105(b)(1), 1441(a); Local Rules 3.2(a)(1)(A) and 3.2(b)(3).

### V. CONSENT TO REMOVAL.

11. All Defendants join in this Notice of Removal. Thus, the consent to removal requirement of 28 U.S.C. § 1446(b)(2)(A) is satisfied.

### VI. ALL PROPERLY-NAMED DEFENDANTS ARE DIVERSE.

12. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

13. Plaintiff is a citizen of Missouri. *See* Petition ¶ 2.

14. A corporation is deemed to be a citizen of the state in which it has been incorporated and the state containing its principal place of business. *Brody v. Ocwen Loan Servicing, LLC*, No. 15-0740-CV-W-ODS, 2015 WL 9581784, at *1 (W.D. Mo. Dec. 30, 2015) (citing 28 U.S.C. § 1332(c)(1)).

15. Texas Roadhouse Management Corp. is incorporated under the laws of the Commonwealth of Kentucky and its principal place of business is in Kentucky. *See* Petition ¶ 3; Declaration of LaShelle LeMaster, ¶ 4. Therefore, Texas Roadhouse Management Corp. is a citizen of Kentucky.

16. A limited liability company is deemed to be a citizen of the states in which its members are citizens. *Blue Ridge Bank and Trust Co. v. ITM TwentyFirst, LLC*, No. 19-0436-CV-FJG, 2019 WL 5853337 (W.D. Mo. Oct. 22, 2019) (citing *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004)).

17. Texas Roadhouse Holdings LLC is a limited liability company organized under Kentucky law and its principal place of business is in Kentucky. Its sole member is Texas Roadhouse, Inc., which is a Delaware corporation with its principal place of business in Kentucky. Declaration of LaShelle LeMaster, ¶ 4, 5. Therefore, Texas Roadhouse Holdings LLC is a citizen of Delaware and Kentucky.

18. Defendant Jones is a citizen of Missouri. Petition ¶ 5. However, Jones is not a proper defendant in this action, but rather has been fraudulently joined to defeat diversity jurisdiction.

19. A plaintiff fraudulently joins a defendant when "there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

20. Fraudulent joinder occurs "'[w]here applicable state precedent preclude[s] the existence of a cause of action against a defendant.'" *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1032 (E.D. Mo. 2004) (quoting *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). "'[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" *Id.* (quoting *Filla*, 336 F.3d

at 810). *See also Kansas City Power & Light Co. v. Siemens Power Transmission & Distribution, Inc.*, No. 07-0425CVW-ODS, 2007 WL 2909120, at *1 (W.D. Mo. Sept. 28, 2007) (same).

21. If a defendant has been fraudulently joined, the court ignores that party's citizenship in determining whether diversity jurisdiction exists. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).

22. Here, no reasonable basis in fact or law exists for Plaintiff's negligent infliction of emotional distress claim – the only claim asserted against Jones – because the claim is preempted by the MHRA.

23. As amended in 2017, the MHRA expressly excludes from the definition of "employer" any individuals who are employed by the employer. Mo. Rev. Stat § 213.010(8); *Huskey v. Petsmart*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019). Thus, Jones cannot be named as a defendant in the MHRA claims, and Plaintiff apparently acknowledges that fact by asserting the MHRA claims only against the Corporate Defendants.

24. Also as amended in 2017, the MHRA provides that it "shall provide the **exclusive remedy** for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat § 213.070.2 (emphasis added). MHRA preemption turns on whether a plaintiff's "alleged 'injury or damages' arise from an 'employment relationship.'" *Huskey v. Petsmart*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019).

25. As more fully explained in the motion to dismiss to be filed by the Defendants, Plaintiff's Petition makes clear that the injuries or damages allegedly flowing from the negligent infliction claim arose out of the employment relationship. The alleged actions forming the basis of Plaintiff's claims occurred while both Plaintiff and Jones were employees at the Texas

Roadhouse restaurant in St. Joseph, Missouri, and Jones was a manager to whom Plaintiff reported. Petition, ¶ 18. All of the allegations supporting Plaintiff's negligent infliction claim – that Jones allegedly "had a **statutory** duty to take proper action to make Plaintiff's **workplace** free from unwelcome sexual harassment" and "was negligent, by failing to timely remove the Customer from the **workplace** and allowing the sexual harassment of Plaintiff to continue" -- arise out of actions that occurred at work, on work time, and arose out of the performance of Plaintiff's and/or Jones' job duties. Petition, ¶¶ 91-92 (emphasis added). Indeed, Plaintiff's reference to "statutory duty" clearly invokes the duty under the MHRA to provide a harassment-free workplace.

26. Plaintiff seeks to recover for alleged emotional distress under both the MHRA claims and the negligent infliction claim. Petition, ¶¶ 76, 82, 88, 95. Because the facts and alleged injuries underlying the negligent infliction claim are completely subsumed within the facts underlying the MHRA claims, Plaintiff's negligent infliction claim clearly arises "out of an employment relationship" with the Defendants, and is preempted.[1] As a result, there exists no basis in fact or law for the claim asserted against Jones, and his citizenship should be disregarded, such that complete diversity exists. *See Huskey*, 2019 WL 122873, at *3 (disregarding citizenship of individual defendant due to MHRA preemption).

## VII. AMOUNT IN CONTROVERSY MEETS THE THRESHOLD.

27. Diversity jurisdiction requires that the amount in controversy "exceeds the sum or

---

[1] In a case that pre-dates the 2017 MHRA amendments that eliminated individual liability and added the express preemption provision, the Missouri Supreme Court held that the MHRA "supersedes and displaces . . . common law claims" when the MHRA "fully provides for all remedies available at common law." *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018). For this additional reason, the negligent infliction claim is entirely preempted by the MHRA.

value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

28.     The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" that the plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

29.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

30.     Courts consider economic and non-economic compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

31.     Here, Plaintiff's alleged damages include "lost wages and other benefits of employment, compensatory damages, punitive damages, pre- and post-judgment interest, future lost wages and benefits of employment, [and] attorney's fees and costs." Petition, WHEREFORE paragraphs of Counts I-III.

32.     In the last year of Plaintiff's employment (2018), Plaintiff averaged approximately $2,880 per month in earnings. Declaration of Heather Mann, ¶ 4. Thus, in the 13 months since her employment ended, Plaintiff has already incurred about $37,440 in lost earnings.

33.     In an MHRA case with facts very similar to this one, the plaintiff alleged sexual harassment by two customers at a retail store, followed by alleged retaliation for reporting the harassment. *Diaz v. AutoZoners, LLC*, 484 S.W.3d 64 (Mo. Ct. App. WD 2015). A Jackson County jury awarded $75,000 in actual damages and $1 million in punitive damages against one

of two corporate defendants, and that verdict was upheld on appeal. The trial court also awarded over $240,000 in attorneys' fees.[2] Clearly, then, a case with allegations such as those at issue here has an amount in controversy that far exceeds $75,000.

34. Other recent MHRA harassment, discrimination, and retaliation cases confirm this conclusion:

- *Hesse v. Missouri Department of Corrections*, Case No. 1416-CV07836 (Mo. Cir. Ct., Jackson County, Jan. 19, 2016): $500,000 in compensatory damages, $1 million in punitive damages, and $463,000 in attorneys' fees on sex discrimination, hostile work environment, and retaliation claims;

- *Gentry v. Orkin LLC*, Case No. 1416-CV1625 (Mo. Cir, Ct. Jackson County, December 8, 2016): $120,000 in compensatory damages, $3 million in punitive damages, and $488,000 in attorneys' fees on age and disability discrimination claims;

- *Bashir v. Southwestern Bell Telephone*, No. 1016-CV38690 (Mo. Cir. Ct. Jackson County, 2012): $120,000 in actual damages and $5 million in punitive damages on hostile work environment and retaliation claims;

- *Ingraham v. UBS Financial Services, Inc. and Decoder,* No. 0916-CV36471 (Mo. Cir. Ct. Jackson County, 2011): $592,000 in actual damages and $10 million in punitive damages on sexual harassment and retaliation claims;

- *Eickhoff v. Union Pac.*, No. 0816-CV20813 (Mo. Cir. Ct. Jackson County, 2009): $120,000 in compensatory damages and $1.27 million in punitive damages on sex discrimination and retaliation claims;

- *Lynn v. TNT Logistics, Inc.*, No. 04-CV-216802 (Mo. Cir. Ct. Jackson County, 2006): $50,000 in compensatory damages and $6.75 million in punitive damages on sexual harassment claim;

36. Considering the combination of Plaintiff's claims for lost earnings (of at least $37,440 to date), compensatory damages, punitive damages, and attorneys' fees, it is clear a fact finder might legally conclude Plaintiff's damages exceed $75,000. Accordingly, Defendants have demonstrated that the amount on controversy exceeds $75,000.

---

[2] The appellate court remanded the attorneys' fee award for further consideration after the judgment against a co-defendant was reversed. It appears the case was settled before the circuit court considered the attorneys' fee issue. *See* CaseNet, Case No. 1216-CV284445-01.

## VIII. COMPLIANCE WITH PROCEDURAL REQUIREMENTS.

37. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Buchanan County, Missouri, and will simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff as reflected by the Certificate of Service.

38. A Civil Cover Sheet is filed concurrently herewith.

39. Defendants reserve any and all defenses to the claims alleged by Plaintiff.

## IX. CONCLUSION.

40. For the foregoing reasons, removal of this case is proper under 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the above-captioned matter to this Court from the Circuit Court of Buchanan County, Missouri, and request the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted,

/s/ *Daniel B. Boatright*
Daniel B. Boatright, #38803
Alyssa M. Sediqzad, #70506
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
dboatright@littler.com
asediqzad@littler.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further certify that I served by U.S. Mail, postage prepaid, the document to the following:

R. Edward Murphy
MURPHY, TAYLOR, SIEMENS & ELLIOTT, P.C.
3007 Frederick Avenue
St. Joseph, MO 64506
edmurphy@mtselaw.com

Kyle E. Murphy
BURKHART LAW, LLC
4233 Roanoke, Suite 100
Kansas City, MO 64111
kyle@burkhartlegal.com

ATTORNEYS FOR PLAINTIFF

*/s/ Daniel B. Boatright*
Attorney for Defendants